UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA                    NO.  15-20652

                v.                    HON. GEORGE CARAM STEEH

D-1   BILLY ARNOLD,
D-2   STEVEN ARTHUR JR.,
D-3   EUGENE FISHER,
D-4   COREY BAILEY,
D-5   QUINCY GRAHAM,
D-6   ROBERT BROWN II
D-7   JEROME GOOCH
D-8   MICHAEL ROGERS
D-10  DEVON PATTERSON
D-11  CHRISTOPHER OWENS
D-12  JEFFERY ADAMS
D-13  ARLANDIS SHY II
D-14  ANTHONY LOVEJOY
D-15  DIONDRE FITZPATRICK
D-16  JAMES ROBINSON
D-17  DONELL HENDRIX
D-18  MATLEAH SCOTT
D-19  KEITHON PORTER

_____/

**GOVERNMENT'S MOTION REQUESTING AN ORDER OVERRULING DEFENDANTS' OBJECTION TO EXLUDABLE DELAY AND TO MAKE CERTAIN FINDINGS UNDER THE SPEEDY TRIAL ACT**

NOW COMES the United States, by and through its attorneys, DANIEL L.

1

LEMISCH, Acting United States Attorney, Christopher Graveline, Michael Martin, and Rajesh Prasad, Assistant United States Attorneys, and hereby moves that the Court make certain findings under the Speedy Trial Act, specifically 18 U.S.C. § 3161(7)(A) et seq., as follows:

1.      A federal grand jury returned a Fourth Superseding Indictment on December 15, 2016 charging nineteen defendants with thirty-six counts.

2.      Count One of that indictment, Criminal No. 2:15-cr-20652, avers that, beginning on a date unknown, but at least as early as 2003, and continuing to on or about the date of indictment, all of the charged defendants, with the exception of Matleah Scott, conspired to conduct and participate in the conduct of the affairs of the criminal enterprise of the Seven Mile Blood enterprise, through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d).  Count One avers that the pattern of racketeering activity consisted of multiple acts indictable under federal law, including murder, conspiracy to distribution and distribution of controlled substances, and witness intimidation.

3.      Five of the defendants, Billy Arnold, Corey Bailey, Robert Brown, Arlandis Shy, and Keithon Porter are currently charged in death-eligible counts (Counts

Two, Three, Four, Five, Sixteen, and Seventeen).  The parties are following the death penalty protocol as set forth in the United States Attorney's Manual in determining whether the United States will be seeking the death penalty in this case.  Additional time will be needed pretrial in order for the parties to assess both aggravating and mitigating factors that will influence that decision.

4.      This indictment is the result of a complex investigation conducted by the Federal Bureau of Investigation, Drug Enforcement Administration, Bureau of Alcohol, Tobacco, and Firearms, and the Detroit Police Department who have coordinated with West Virginia state and federal law enforcement agencies.

5.      The Government's evidence in this case includes cell tower data from certain defendants' phones. Law enforcement has seized multiple phones associated with the defendants and is currently conducting forensic analysis of these items.

6.      The Government's evidence in this case also includes physical evidence and documents seized from the execution of search warrants as well as evidence gathered from shooting and other crime scene.

7.      The Government anticipates that it will call numerous trial witnesses and introduce over one hundred pieces of physical evidence and expert testimony to address

the forensic analysis conducted by the government.

8.      The Court has already designated this case as complex, pursuant to §

3161(h)(7)(B)(ii), so as to toll the Speedy Trial Clock. *See* Docket Entry (DE) 202.

9.      All of the defendants have now made their initial appearance and have

been arraigned on this Fourth Superseding Indictment as of February 28, 2016.

10.     All defendants remain joined for trial.

11.     In its previous ruling on speedy trial, the Court excluded the time period

through March 20, 2017 from the speedy trial clock.  As discussed at the last pretrial

conference, the government is now seeking to exclude the time period between March

21, 2017 – May 1, 2017 (the date of the next pretrial conference), a period of

approximately 40 days from the Speedy Trial Clock calculation in order to complete

discovery, allow defense counsel time to review discovery and to formulate motions,

and to work through the death penalty protocols for the defendants facing death-

eligible charges.

12.     Some of the defendants concur in the exclusion of this time from the

speedy trial calculation, while others object.

## BRIEF IN SUPPORT

### I.    LAW

18 U.S.C. §3161(h)(7)(A) provides that a Court may set a trial date outside of the Speedy Trial Act's 70-day rule "if the judge grant[s] such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." When granting such an "ends of justice" continuance, a Court may consider a number of factors including whether failure to grant a continuance would result in a miscarriage of justice or whether the case is so unusual or complex, due to the number of defendants, [or] the nature of the prosecution that it would be unreasonable to expect adequate preparation for pretrial proceedings or for trial itself. *See* 18 U.S.C. §3161(h)(7)(B).

Moreover, 18 U.S.C. §3161(h)(6) provides that where multiple defendants are charged together, and no severance has been granted, one speedy trial clock governs. *United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989); *United State v. Cope*, 312 F.3d 757, 776-777 (6th Cir. 2002). Thus, "the excludable delay of one defendant is ascribed to that of all of his codefendants." *Id.* at 777, *citing United States v. Culpepper*, 898 F.2d 65, 66-67 (6th Cir. 1990); *see also Coviello v. United States,* 287 Fed. App'x 503, 507 (6th Cir.

5

2008) (holding that the speedy trial clock started when the last co-defendant who was joined for trial was arraigned).  Moreover, "[b]y its terms, § 3161(h)(7)(A) does not require a defendant's consent to the continuance 'if the judge granted such a continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Sobh,* 571 F.3d 600, 603 (6th Cir. 2009); *accord United States v. Stewart,* 628 F.3d 246, 254 (6th Cir. 2010); *see also United States v. Al-Arian,* 267 F.Supp.2d 1258, 1263-1264 (M.D.Fla. 2003); *United States v. Mayfield,* 2008 WL 1744733 (D.N.J. 2008) (unpub.) ("nothing in the statute requires that the defendant consent to a continuance").

## II. ARGUMENT

All of the defendants currently stand joined for trial with each other.  With the Fourth Superseding Indictment, the Speedy Trial clock reset as to all defendants and a new clock now governs. *See* 18 U.S.C. §3161(h)(6); *Culpepper,* 898 F.2d at 66-67.  None of the objecting defendant have filed a motion to sever.  The charges allege numerous criminal acts that form a continuing pattern of misconduct that the Government intends to prove through evidence from numerous individuals, dozens of incidents of law enforcement action, and over one hundred exhibits.  The discovery is voluminous

6

and the charges are complex to the point that it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time parameters laid out by the Speedy Trial Act.

Consequently, for the reasons stated above and on the record at the last pretrial conference, the government would request that the Court enter an order overruling any defendants' objection to the proposed continuance to May 1, 2017 and make findings consistent with its previous order finding this case to be complex and thus, the time period between May 21, 2017 and May 1, 2017 to be excludable under the Speedy Trial Act.

## <u>CONCLUSION</u>

For all of the reasons stated above, the Government requests the Court to grant

this instant motion.


Respectfully submitted,

Dated: March 24, 2017              DANIEL L. LEMISCH
                                   ACTING UNITED STATES ATTORNEY


                                   <u>/s/ Christopher Graveline</u>
                                   Christopher Graveline (P69515)
                                   Rajesh Prasad (P68519)
                                   Michael C. Martin
                                   Assistant United States Attorneys
                                   211 Fort Street
                                   Suite 2001
                                   Detroit, MI 48226
                                   (313) 226-9155
                                   christopher.graveline2@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 24, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, for uploading and service by electronic notice to counsel and parties authorized to receive electronically Notices of Electronic Filing.

<u>/s/ Christopher Graveline</u>
Christopher Graveline (P69515)
Assistant United States Attorney